FILED
09 AUG 10 PM 2:10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPLOYMENT MEDICINE CONSULTANTS, INC., a Washington corporation, dba DEPLOYMENT MEDICINE INTERNATIONAL,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER F. PIPES, an individual; ANNE MARIE CONTE, an individual; and APRIL PORTER, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No: 08-CV-1959 JAH (WMc)<br>Judge:  Hon. John A. Houston<br><br>**PROTECTIVE ORDER**<br><br><br><br>Complaint Filed:   October 23, 2008 |

Pursuant to the Court's Order dated August 5, 2009, Defendant Anne Marie Conte, Defendant and Counter-Claimant Christopher F. Pipes, and Counter-Claimant Security Consultants International, Inc. ("**Defendants/Counter-Claimants**") and Plaintiff Deployment Medicine Consultants hereby submit this Protective Order, ther terms of which they have agreed upon.

/ / /

# PROTECTIVE ORDER

1. <u>Scope of this Order</u>.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "**Order**").

2. <u>Confidential Information</u>.  "Confidential" information is information which has not been made public and which concerns or relates to the *processes, operations, work, apparatus, production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures* of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

3. <u>Certification of Good Faith</u>.  By designating a document, thing, material, testimony or other information derived therefrom as "confidential", under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. <u>Method of Designation</u>.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5. <u>Testimony</u>. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing

such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. <u>Use of Confidential Materials</u>. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "**Confidential Material**") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

7. <u>Disclosure of Confidential Materials</u>. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to "qualified persons" designated below:

   a. A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   c. Court reporters employed in this action;

   d. A witness at any deposition or other proceeding in this action; and

   e. Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8. <u>Depositions</u>. Depositions shall be taken only in the presence of qualified persons.

/ / /

/ / /

9. <u>Attorney's Eyes Only Material</u>. The parties may further designate certain discovery material or testimony comprising trade secrets of the disclosing party, and other comparable materials of a *highly* confidential nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "**Attorney's Eyes Only Material**"), in the same manner described above. Except as set forth in the following paragraph concerning disclosure of Attorney's Eyes Only Material, all other provisions in this order with respect to confidentiality also apply to Attorney's Eyes Only Material.

10. <u>Disclosure of Attorney's Eyes Only Material</u>. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" as described in paragraphs 7b through 7e above. Any such material or information designated as Attorney's Eyes Only Material shall <u>not</u> be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed in writing or ordered.

11. <u>Inadvertent Failure to Designate Documents.</u> In the event that material or information believed to be confidential, trade secret, or of a highly confidential nature, is produced or disclosed without being designated as "Confidential" or "Confidential—Attorney's Eyes Only," such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of confidentiality to which the producing party would otherwise be entitled. As soon as practicable, the producing party shall notify all other parties in writing, by letter or electronic mail, of its inadvertent production of the material or information without the proper designation. Upon receiving such written notification, all parties shall treat the document identified in the written notification as "Confidential" or "Confidential—Attorney's Eyes Only," and all parties shall exercise best efforts and cooperate to the extent necessary to ensure such designation.

/ / /

/ / /

12. <u>Independently Discovered Materials</u>.  Nothing herein shall impose any restrictions on use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action.  Nor does anything herein impose any restrictions on use or disclosure by a party of her/his/its own Confidential Material as it deems appropriate.

The parties recognize that there currently exists a dispute regarding whether the material and information on the hard drives of Christopher F. Pipes ("**Pipes**") and John Hagmann ("**Hagmann**"), which material and information were not obtained through discovery in the subject action, qualify as "independently discovered materials" for the purposes of this paragraph.  The parties reserve their rights to address this issue in a subsequent motions before the Court.  However, until such time as the Court may order otherwise, the parties shall treat such material and information as "Confidential" and subject to the restrictions of Paragraphs 6 and 7 above.

13. <u>Filing under Seal</u>.  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal until further order of this Court.

14. <u>Use of Confidential Materials in Proceedings</u>.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15. <u>No Prejudice to Separate Rights</u>.  This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b)

to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

16. <u>Purpose of Order</u>. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by the parties, nor of altering the confidentiality or non-confidentiality of any such document or information, nor altering any existing obligation of any party or the absence thereof.

17. <u>Survival of Order</u>. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

18. <u>Steps upon Termination of Litigation</u>. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

19. The Court may modify this Order *sua sponte* in the interest of justice.

///

///

///

20. This Order is subject to further court orders based upon public policy and other considerations.

**IT IS SO ORDERED.**

DATE: August __10__, 2009

*/s/ W. McCurine Jr.*

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have either read the terms of the Protective Order entered in the action of *Deployment Medicine Consultants, Inc. v. Pipes et al.*, Case No. 08-CV-1959-JAH (WMc), or have had the terms of the Protective Order explained to me by an attorney. I agree to comply with and to be bound by all the terms of this Protective Order (the "**Order**") and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of California as necessary for resolution of any matters pertaining to the Protective Order.

My address is: _____

My telephone no. is: _____

DATED: _____

SIGNED: _____

PRINT NAME: _____

1  THE FOREGOING SUBMITTED BY:

3  Date: August 7, 2009                           **MACLEOD & ZIAEE LLP**

5                                          By      /s/ Rana S. Ziaee
6                                                  RANA S. ZIAEE
7                                                  Attorneys for Defendant/Counter-Claimant CHRISTOPHER PIPES, Defendant ANNE MARIE CONTE, Defendant APRIL PORTER and Defendant/Counter-Claimant SECURITY CONSULTANTS INTERNATIONAL, INC.

Date: August 7, 2009                            **LAW OFFICE OF RANDALL S. HENDERSON**

                                            By      /s/ Randall S. Henderson
                                                    RANDALL S. HENDERSON
                                                    Attorneys for Plaintiff DEPLOYMENT MEDICINE CONSULTANTS, INC.