UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPLOYMENT MEDICINE CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER PIPES, et al., <br><br> Defendants. | Civil No.   08cv1959-JAH (BGS) <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> **[Doc. No. 95]** |
| And all related counterclaims. | |

Deployment Medicine International ("DMI") filed this lawsuit alleging that Christopher Pipes ("Pipes"), a former employee, wrote himself unauthorized "checks totaling $200,000.00 drawn on DMI's checking account." Compl. at 4. DMI confronted Pipes about the unauthorized use of funds and Pipes allegedly agreed to "repay the money over time." *Id.* at 5. DMI agreed to treat the $200,000.00 as a loan, however, Pipes has refused to repay any part of the money. *Id.* DMI also has a cause of action against Pipes for slander. After DMI terminated Pipes in April, 2008, Pipes allegedly solicited business by telling customers that "DMI was having tax problems with the IRS and that DMI was, in fact, going out of business." *Id*. at 16.

///

///

///

**Discovery Dispute**

On October 29, 2010, Pipes, DMI, and John Hagmann[1] ("Hagmann") filed a Joint Motion for Determination of Discovery Dispute. (Doc. No. 95.) After extensive meet and confer efforts, DMI withdrew its objections to all but one Request for Production—Request for Production No. 66. (*Id*.) Specifically, DMI agreed to supplement its responses to interrogatory Nos. 5 and 6, and also agreed to produce documents responsive to Request For Production Nos. 65, 69, and 70. (*Id*.) Hagmann also withdrew his objections and agreed to produce documents responsive to Request For Production Nos. 5 and 14. The only remaining dispute pertains to Request For Production No. 66.

### A. Pipes' Request for Production No. 66

Request For Production No. 66 asks DMI to produce its "federal and state income tax returns for tax year 2006." Joint Mot. at 4. Pipes argues that he is entitled to DMI's entire 2006 tax return in order to "probe the truth of DMI's allegation that $200,000.00 in unauthorized checks were paid to Mr. Pipes and that this amount was then considered a loan payable to DMI." *Id.* Ultimately, Pipes wants to determine how DMI characterized the $200,000.00 in its disclosure to the IRS. Pipes also argues that he is entitled to the tax return in order to rebut DMI's claim for slander per se. Pipes allegedly made statements to third-parties that "DMI was 'going out of business' and having trouble with the IRS." *Id.*

DMI's written objection stated the following:

> This responding party objects to this request on the grounds that it seeks records and documents which are beyond the permissible scope of discovery, not relevant to any party's claims or defenses or likely to lead to the discovery of admissible evidence, violates the financial rights of privacy and trade secrets of Deployment Medical Consultants, Inc. and is oppressive and burdensome.

After meeting and conferring, DMI has offered to produce a "redacted version of its 2006 income tax return," to provide the portion "which may reflect the treatment of a $200,000 loan...." *Id.* at 5. DMI also states that it has already described the circumstances of the loan in response to two interrogatories. *Id.*

### B. Legal Standards and Analysis

Neither party addresses whether the Court should apply federal privilege law or California law to this discovery dispute. Federal Rule of Evidence 501 governs privilege in cases in federal court. The

---

[1] John Hagmann is the founder and director of DMI and a counter-defendant in the case.

Rule states, in relevant part, that where "State law supplies the rule of decision, the privilege...shall be determined in accordance with State law." Fed. R. Evid. 501. This case is in federal court on diversity grounds. There are no federal questions or claims, therefore California law should govern in this instance. Nevertheless, the Court will also analyze the issue under the more relaxed federal standard.

### 1. California Law

California courts have created an implied privilege against disclosure of tax returns. *Schnabel v. Superior Court*, 5 Cal.4th 704, 718-721 (1993). The privilege is not absolute and there are three grounds where courts do not uphold the privilege. "The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved." *Weingarten v. Superior Court,* 102 Cal.App.4th 268, 274 (Cal.Ct.App. 2002); *see also Small v. Travelers Property Cas. Co. of Am.*, 08cv1160-BTM, 2010 WL 2523649, at *1 (S.D. Cal. June 21, 2010) (citing *Weingarten*.) The last exception is narrow and California courts have held that the public policy exception only "applies when warranted by a legislatively declared public policy." *Id.* The "[p]ublic policy favoring discovery in civil litigation is not, by itself, sufficiently compelling to overcome the privilege." *Fortunato v. Superior Court*, 114 Cal.Appl.4th 475, 483 (Cal.Ct.App. 2003). Finally, "[a] trial court has broad discretion in determining the applicability of a statutory privilege." *Weingarten*, 102 Cal.App.4th at 274.

Only the third exception is potentially applicable to the facts of this case. Yet, Pipes has not indicated any compelling public policy that warrants ordering disclosure. "The fact that financial records are difficult to obtain or that a tax return would be helpful, enlightening or the most efficient way to establish financial worth is not enough." *Id*. at 276. Furthermore, DMI agrees to produce relevant financial records and this less intrusive method will likely provide Pipes with the information he seeks. DMI has also agreed to produce portions of the 2006 tax return that reflect the company's characterization of the $200,000.00 loan.

### 2. Federal Law

Pursuant to federal law, discovery of tax returns is not privileged. The Ninth Circuit, however, has maintained that public policy demands a higher standard for the discovery of tax returns than for

discovery of other documents. *See Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975); *see also Thornton v. Crazy Horse, Inc.*, 2010 WL 3718945, at *2 (D. Alaska Sept. 14, 2010). Discovery of tax returns is allowed when "they are relevant and there is a compelling need for the returns because their information is not otherwise readily attainable from an alternative source." *Melendez v. Gulf Vessel Management, Inc.*, No. C09-1100-MJP, 2010 WL 2650572, *2 (W.D. Wash. July 1, 2010); *see also A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D. Cal.2006).

Assuming the tax returns are relevant to establish the veracity of DMI's claim that it treated the $200,000.00 as a loan; Pipes has not shown that he has a compelling need for a complete and unredacted version of DMI's 2006 tax return. DMI has agreed to produce its accounting records for 2006, including its business expense records, travel expense records, and payroll records. Joint Mot. at 3. Additionally, DMI will produce documents reflecting any loans, bonuses, or real estate that DMI made to its employees or subcontractors as a form of compensation. *Id*. at 7. Pipes will also have the opportunity to make inquiries into DMI's characterization of the $200,000.00 during depositions.

Finally, DMI's 2006 tax return is not relevant to defend against the slander allegation. The complaint alleges that Pipes made slanderous statements in 2008. DMI's 2006 tax return is not likely to show that DMI was going out of business or having problems with the IRS in 2008. Pipes has also failed to establish that he has sought information to rebut the slander claim from other, less intrusive, discovery devices such as interrogatories, demands for documents, or inquires during depositions.

For the reasons stated above, the Court finds that Pipes' need for the 2006 tax return does not outweigh the public policy favoring confidentiality of tax returns. There are sufficient alternative sources for the limited information Pipes wants from the tax returns. Most significant, DMI offered to produce a redacted version of its 2006 tax return.

**C.     Conclusion**

DMI must supplement its responses to interrogatory Nos. 5 and 6; produce documents responsive to Request For Production Nos. 65, 69, and 70; and produce the redacted 2006 tax return no later than

///

///

///

**December 10, 2010.**  Hagamann must produce documents responsive to Request For Production Nos. 5 and 14  no later than **December 10, 2010.**

    IT IS SO ORDERED.

DATED:  November 23, 2010

                              Hon. Bernard G. Skomal
                              U.S. Magistrate Judge
                              United States District Court