UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DEPLOYMENT MEDICINE CONSULTANTS, INC., | Civil No.   08cv1959-JAH (BGS) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO QUASH OR MODIFY SUBPOENA** |
| v. | |
| CHRISTOPHER PIPES, et al., | **[Doc. No. 107]** |
| Defendants. | |
| And all related counterclaims. | |

Deployment Medicine International ("DMI") filed this lawsuit alleging that Christopher Pipes ("Pipes"), a former employee, wrote himself unauthorized "checks totaling $200,000.00 drawn on DMI's checking account." Compl. at 4. DMI confronted Pipes about the unauthorized use of funds and Pipes allegedly agreed to "repay the money over time." *Id.* at 5. DMI agreed to treat the $200,000.00 as a loan, however, Pipes has refused to repay any part of the money. *Id.* DMI also has a cause of action against Pipes for slander. After DMI terminated Pipes in April, 2008, Pipes allegedly solicited business by telling customers that "DMI was having tax problems with the IRS and that DMI was, in fact, going out of business." *Id*. at 16.

///

///

///

1

## 1. BACKGROUND OF DISCOVERY DISPUTE

On January 28, 2011, DMI filed a Motion to Quash or Modify Subpoena. (Doc. No. 107.) DMI moves to quash the subpoena served on Financial Solutions Plus, LLC, or in the alternative, for a protective order under Fed. R. Civ. Pro. 26(c). (*Id*.) Pipes opposes the motion. (Doc. No. 108.)

Pipes first served a subpoena *duces tecum* on Financial Solutions Plus, LLC ("Financial Solutions"), out of the United States District Court, Western District of Washington on August 10, 2010. (Doc. No. 107-2 at 11.) The subpoena was issued out of that court because Financial Solutions is located in Gig Harbor, Washington. DMI filed a motion to quash in the Western District of Washington and on October 6, 2010, that court issued an order granting the motion to quash under Rule 26 of the Federal Rules of Civil Procedure. (*Id*. at 12.) The court specifically concluded that the court in the Southern District of California "is in the best position to decide the proper scope of discovery in the case before it." (*Id*.) The court stated that DMI argued that the proper scope of discovery relating to DMI's financial records will be determined by the court presiding over the matter in the Southern District of California. (*Id*.) In essence, the issue was deferred until this Court had the opportunity to decide the proper scope of discovery.

Pipes served the subpoena currently at issue on January 11, 2011. (*Id.* at 47.) The subpoena is issued out of the Southern District of California and requested production in San Diego on February 1, 2011. (*Id*.) The subpoena requests DMI's Quickbooks electronic data up to 2008, and correspondence and other documents exchanged between DMI and Financial Solutions related to DMI's accounting practices. (Doc. No. 108 at 1.) Financial Solutions is in possession and control of these documents and Nancy Freeman, the company's owner, has no objection to the subpoena and is willing to produce the documents by mailing them to San Diego. (*Id*.) DMI seeks to quash this subpoena for two reasons. First, DMI argues that the subpoena is invalid on its face because it seeks documents located in Washington. (Doc. No. 107 at 2.) DMI also argues that the documents sought are duplicative of documents Pipes requested and received from DMI. (*Id*.)

///

///

## 2.     DISCUSSION

Federal Rule of Civil Procedure 45 requires that a subpoena for production or inspection issue from the court for the district where the production or inspection is to be made. Fed. R. Civ. P. 45(a)(2)(C). The person commanded to produce documents need not appear in person at the place for production. Fed. R. Civ. P. 45(c)(2)(A). Rule 26 sets forth the proper scope and limits to discovery. Specifically, Rule 26(b)(2)(C)(i) states that the court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative.

### A.     DMI's Standing to Move to Quash the Subpoena

The Court must first determine whether DMI has standing to move to quash the subpoena. Pipes argues that DMI lacks standing to bring a motion to quash these subpoenas, which were served on a third-party that does not object to the production. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) (citation omitted); *see also Jez v. Dow Chemical Co., Inc.*, 402 F. Supp.2d 783, 784-85 (S.D. Tex. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n. 2 (D. Kan.2000)**;** *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan.1999). Here, the subpoena was not served on DMI but rather on a third party—Financial Solutions—and DMI does not assert an evidentiary privilege as to these documents.

Financial Solutions is only required to mail the documents, or have them delivered to Pipes' counsel's office in San Diego. Nobody is required to travel to California. Furthermore, Rule 45(a)(2) expressly states that such document subpoenas must issue from the district in which the production is to take place. It provides:

> [I]f separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made.

Fed.R.Civ.P. 45(a)(2)(C). "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production ... is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. The Notes to the 1991 Amendment reflect the same understanding of this language. The Notes state: "Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials in

that person's control whether or not the materials are located within the district or within the territory within which the subpoena can be served." Fed. R. Civ. Proc. 45, Committee Notes, 1991 Amendment Subdivision (a); *see also Hay Group, Inc. v. E.B.S. Acquisition Corp.,* 360 F.3d 404, 413 (3rd Cir. 2004).

In light of the above, the Court holds that the subpoenas were properly issued from this district, where the production is to take place, and that the subpoenas do not require Financial Solutions to travel in violation of the 100-mile limitation. The Court declines to quash the subpoenas based on DMI's procedural objection because DMI does not have standing to challenge the subpoena.

**B.     DMI's Motion to Limit Discovery Pursuant to Rule 26(b)(2)(C)**

DMI argues, in the alternative, that the documents Pipes is requesting from Financial Solutions are the same documents DMI provided Pipes with respect to Request for Production of Documents (Set Two) and are therefore duplicative and cumulative. (Doc. No. 107 at 4.)  Pipes does not dispute that the subpoenaed records are similar to those it requested and received from DMI. Pipes, however, argues that these records are sought to obtain Quickbook records as they were originally kept and will enable Pipes to "determine whether DMI modified data, whether data was corrupted from DMI's 'backing out' of the 2009 and 2010 records, and whether additional Quickbooks entries exist in Ms. Freeman's copy." (Doc. No. 108 at 5.)

DMI's argument based on burden due to the duplicative nature of the request is not an appropriate basis to grant his motion for a protective order.  The production of DMI's financial records will be made by Financial Solutions, which imposes no burden on DMI.  The person served with the subpoena, Nancy Freeman, does not object to producing the documents. (Freeman Decl. Doc. No. 109.) Additionally, Pipes has stated a cogent basis for the relevance of the subpoenaed documents and why the request is not *unreasonably* cumulative or duplicative.

**C.     Production Subject to Protective Order**

DMI requests that the Court issue a protective order requiring that Financial Solutions production be designated as "Confidential—Attorneys' Eyes Only." (Doc. No. 107.) Pipes disagrees with this request and argues that this issue is not properly before the Court and can determine the proper designation once the documents are produced. The Court agrees that this request is not ripe and has not

been the subject of a proper meet and confer effort.  The parties are ordered to follow Judge Skomal's Chambers' Rules to bring this issue before the Court in the future and should treat the documents as "Confidential" until the Court may order otherwise.

IT IS SO ORDERED.

DATED: March 2, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court